## COMMONWEALTH *versus* HENRY SACKET *et al.*

On the trial of an indictment, the defendant has a right to ask a witness whether any person, on behalf of the government, has made to the witness any offer of reward, in relation to the testimony which he should give in a certain class of cases, comprehending the case on trial.

If, on the trial of an indictment, the defendant introduces evidence of his good character prior to the alleged commission of the crime charged, it is competent to the government to prove that subsequently to that time his character has been bad

THIS was an indictment for receiving and aiding in concealing a stolen horse, knowing it to have been stolen.

At the trial in the Common Pleas, before *Williams* J., it appeared that the horse in question was stolen by James Harding, on or about the 30th of October, 1838; and there was evidence tending to prove, that, on or about the 31st of Octo-

ber or 1st of November, the defendants received and aided in concealing the horse.

*Common-wealth*
*v.*
*Sacket.*

To prove the knowledge of the defendants, the district attorney produced a witness, who testified that in December, 1838, one of the defendants, in conversation with the witness, said that he supposed that Harding stole the horse. In cross-examining this witness, the defendants' counsel asked him whether any person, on behalf of the government, had made to him any offer of reward in relation to the testimony which he should give in certain cases, comprehending this case. The district attorney objected to this question, and the judge, being of opinion that offers made in any other cases were inadmissible in evidence in this case, sustained the objection, but offered to permit the inquiry, whether any offer of reward had been made to him in relation to his testimony in this case.

It appeared that the defendant Leonard was arrested on a complaint for this crime, on the 29th of December, 1838. In his defence a number of witnesses were called, who testified that he had uniformly sustained a fair character from his youth until the time of the alleged commission of this offence. The district attorney then called several witnesses, who testified that during the months of November and December, 1838, Leonard had been generally suspected of being a receiver of stolen goods. To the admission of this evidence the counsel for the defendants objected, but the judge overruled the objection and admitted the evidence. It did not appear that Leonard, during the time mentioned by the last witnesses, was, or that he was not, suspected of the particular offence with which he was charged in this indictment, or that the suspicions to which they testified, did or did not originate in the transaction upon which this indictment was founded.

The defendants filed exceptions to these rulings of the judge.

*R. A. Chapman* and *Ashmun* supported the exceptions. In regard to evidence of character they cited 2 Stark. Ev. 364, 365 ; Roscoe on Crim. Ev. 72 ; 1 Chit. Crim. Law, 575.

*Sept. 25th*

*D. Wells*, District Attorney, for the Commonwealth.

*Sept. 26th*

*Per Curiam.* On a cross-examination great latitude is allowed to counsel in putting questions to test the accuracy or

credibility of the witness, and the limitation of the inquiries in respect to matters irrelevant to the point in issue, must depend on the discretion of the court trying the cause ; and in such a case the decision of the Common Pleas is not subject to revision in this Court. But we think that the question whether a reward had not been offered to the witness in relation to the testimony which he should give in a certain class of cases, comprehending this case, was material to the issue under consideration, and it was a matter of right for the party to have it answered. The specific question suggested by the court below was clearly relevant, but if it had been put to the witness, he would perhaps have answered in the negative, when if asked the general question he would have been obliged to answer in the affirmative ; and if the examination were followed up by other suitable questions, it might appear that the offer was accepted by the witness, and so his credit would be impeached. In our opinion the court below erred in preventing the counsel from asking this question, and a new trial is therefore granted.

Another point is raised in the exceptions, which it is not necessary to decide, but as it may come up again on another trial, we have taken it into consideration. The defendant Leonard having put his character in issue, it was competent to the government to prove that it was not good ; but his counsel contend that the inquiries should have been confined to the period anterior to the supposed commission of the offence charged. We are not aware of any rule to that effect. Evidence of a bad reputation subsequently acquired may indeed be of little weight, but still it will have some bearing, as commonly the descent from virtue to crime is gradual. We decide that such evidence is competent, but it is to be received with great caution.